## (February 3, 1970)

■ BERTHA L. FERGUSON et al., Doing Business as FERGUSON AND SYLVAN LIQUORS, Appellants, v. STATE OF NEW YORK LIQUOR AUTHORITY, Respondent.— Judgment entered November 12, 1969, denying petitioners' application to annul the determination of the State Liquor Authority recalling petitioners' retail liquor store license reversed on the law, without costs or disbursements, and the Authority's order of recall modified to the extent of remanding to the State Liquor Authority for further consideration in conformity herewith. The Authority issued a retail liquor store license to petitioners in 1959 which has been renewed annually since then. On December 3, 1968 the Authority by letter advised petitioners that the Authority did not intend to renew their license for the period beginning March 1, 1969 if at that time they were in default in payment of their indebtedness to wholesalers in violation of subdivision 9 of section 101-a of the Alcoholic Beverage Control Law. On January 16, 1969 the Authority agreed to renew petitioners' license on condition that the licensee pay the indebtedness in full not later than September 1, 1969 which petitioners agreed to do by signing a recall stipulation, paragraph 7 of which stated: " 7. The undersigned agrees that he will fully satisfy his indebtedness to wholesalers no later than September 1, 1969 and that failure to pay wholesalers within the time specified by Section 101-a, subdivision 9 of the Alcoholic Beverage Control Law will constitute good cause for the recall of the license." On August 27, 1969 the members of the Authority by a divided vote denied petitioners' request for a further extension to make payment until January 15, 1970. Upon petitioners' failure to pay the wholesalers in full by September 1, 1969, the Authority recalled their license effective September 5, 1969. Subdivision 9 of section 101-a in its pertinent part provides: " The authority * * * shall refuse to renew the license of any retail licensee * * * who shall have failed to comply with the provisions of this section *until such indebtedness has been paid in full.*" (Emphasis supplied.) It should be noted that the respondent's sole authority to recall petitioners' license derived from the afore-mentioned stipula-

tion. The licenses are issued on a yearly basis. The statute gives the Authority power only to refuse to *renew* a license. The penalty provided by the stipulation is greater than the penalty prescribed by the Legislature. The requested extension of time would have injured no one and would have substantially benefited the creditors to the extent of the payment they would have received and the general public to the extent of the services provided by the licensee. The licensee had the option of executing the recall stipulation or of being out of business on March 1, 1969. Under the facts in this case the licensee's request for additional reasonable time should have been granted by the Authority. Upon the remand ordered herewith, the Authority should consider the factual situation existing at the time of the disposition on the remand. If the licensee's indebtedness has been paid in full, we see no reason for denying renewal of its license for the year commencing March 1, 1970. Concur— Capozzoli, J. P., McGivern, Nunez and Steuer, JJ.